IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENTE SOLOMON,

        Plaintiff,                No. CIV S-10-2103 WBS GGH P

   vs.

J. NEGRETE, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2           The court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

5    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7    U.S.C. § 1915A(b)(1),(2).

8           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15          A complaint must contain more than a "formulaic recitation of the elements of a

16   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

17   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

18   "The pleading must contain something more...than...a statement of facts that merely creates a

19   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

20   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

21   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

22   v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

23   1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

24   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

25   Id.

26   \\\\\

2

1    In reviewing a complaint under this standard, the court must accept as true the

2  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

4  and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct.

5  1843 (1969).

6    Plaintiff names more than one hundred defendants in an action which appears on

7  the face of it to have been misfiled in this court because his allegations primarily relate to

8  defendants employed at California Correctional Institution (CCI), which comes within the venue

9  of the Fresno Division of the Eastern District of California, and at Salinas Valley State Prison

10  (SVSP), which is located within the venue of the Northern District of California.  To the extent

11  that plaintiff sues any defendant within this court's jurisdiction, it appears to be only the

12  governor, whom this court finds to be only a nominal defendant.  Plaintiff begins his meandering

13  and disparate allegations with his placement in A.S.U. (administrative segregation unit) on April

14  19, 2009, which he claims was based on a lie by defendant correctional officer (C/O) Dornan at

15  SVSP.  Complaint, p. 4.[1]  He goes on to allege that on June 25, 2009, defendants Lewis and

16  Ippolito told him that if he raped and assaulted other inmates for them, he would receive the

17  single-cell status he sought.  Id.  Plaintiff then alleges that he was housed with a documented

18  enemy and that on September 18, 2009, he was moved to CCI where he was again housed with a

19  documented enemy.  Id. at 5.  He alleges the involvement of a number of defendants in trying to

20  get another inmate to attack him and in telling other inmates that plaintiff was an informant.  Id.

21    Although plaintiff informed defendant Warden Gonzales and the Institutional

22  Classification Committee (ICC) that officers were trying to get him hurt or killed and that he had

23  been given an illegal 180-day SHU (Security Housing Unit) term on a write-up not deemed a

24  SHUable offense, "out of reprisals and evil reasons," they gave him another 180-day SHU term

25

26    [1]  The court's electronic pagination is referenced.

1   and got him housed with a documented enemy.  Complaint, p. 5.  He claims that he appealed, and

2   allegedly reported this misconduct to various state officials, including defendant

3   Schwarzenegger.  Id.  Various prison staff became angry with plaintiff and his personal and legal

4   property was ordered destroyed for which he was never compensated.  Id. at 5-6.  Plaintiff also

5   alleges that this occurred due to his refusal to drop a civil case that plaintiff has pending against

6   High Desert State Prison (HDSP) officers, Case No. CIV-S- 08-2544 WBS JFM P, as well as a

7   602 appeal he had filed against the CCI (and, possibly, SVSP) staff.  Id. at 6.  Plaintiff was

8   informed by defendants Cable and Long, on March 18, 2010, that they had destroyed his property

9   on March 1, 2010.  Id.

10          Plaintiff goes on to allege that after he informed internal affairs officers of the

11  destruction of his property, he was refused access to the law library in defiance of a court order,

12  as well as legal copies, legal supplies and inmate assistance that he is entitled to by state

13  regulation, thus depriving him of his right to access the courts.  Complaint, p. 6.  Plaintiff then

14  proceeds to allege that members of the CCI medical staff refused to allow CDCR[2] dentists to

15  perform a root canal because "the state is broke...."  Id.  He claims further that he was refused

16  medical care on many occasions and that, as a favor to CCI officers, defendants Drs. Tate, Lee

17  and Vu cut plaintiff on his pain meds saying that nothing was wrong with him.  Id.  Plaintiff

18  claims that he was given a write-up by defendant Tate for asking for help when he was cut off

19  from morphine and gabpatine [sic] and that defendants Drs. Vu and Lee told him they would not

20  give him pain meds as a favor to defendant Dr. Tate, unless plaintiff dropped his complaints

21  against CCI staff.  Id.  While in withdrawal from November 9, 2009 until January 30, 2010,

22  plaintiff, in the Enhanced Outpatient program at the time, felt like killing himself "a thousand

23  time" [sic] and is still in pain.  Id.

24  \\\\\

25  _____

26      [2]  California Department of Corrections and Rehabilitation.

4

1   Plaintiff then goes on to allege that his legal work and property was taken by other

2   defendants on April 12, 2010.  Complaint, p. 6.  (Apparently, there was some left although

3   plaintiff alleges it was all destroyed a month earlier).  Plaintiff claims that when he told the ICC

4   at CCI of his legal deadlines and safety concerns, he was told he had no pending cases and

5   defendants Garcia and Gentry said that they would hurt or kill him or plant drugs or weapons in

6   his cell if he ever filed a 602 or staff complaint on them.  Id.  When plaintiff reported this,

7   plaintiff claims that he was nevertheless refused a transfer from CCI.  Id.

8   Plaintiff then goes back to his claims regarding the alleged failure of defendants to

9   treat his dental needs.  Complaint, p. 7.  He also claims he was overcharged for the cost of

10   eyeglasses, which when he complained, resulted in his being assaulted (by being held down), the

11   eyeglasses being taken away from him and no reimbursement.  Id.  Plaintiff also claims his

12   complaints about being cut off from his pain meds were not properly processed and repeats that

13   officers refused to comply with a court order regarding his law library access.  Id.  Plaintiff

14   continues by claiming that he is being denied showers and can only get a shower twice a month.

15   Id. at 8.  Plaintiff then goes into again his claims regarding his extended ASU/SHU housing and

16   his need for single cell housing, his unanswered dental needs, etc.  Id. at 8-14.  Plaintiff also

17   includes some seventy pages of exhibits for a complaint of 85 pages.

18   Plaintiff's allegations embracing more than a hundred defendants at two different

19   prisons on the face of it violates Rule 8(a)(2) of the Federal Rules of Civil Procedure on the face

20   of it, which requires "a short and plain statement of the claim showing that the pleader is entitled

21   to relief...."  Even if the factual elements of the cause of action are present, but are scattered

22   throughout the complaint and are not organized into a "short and plain statement of the claim,"

23   dismissal for failure to satisfy Rule 8(a)(2) is proper.  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178

24   (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and

25   *on what theory*, with enough detail to guide discovery" (emphasis added)).  A complaint that fails

26   to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P.

41(b).  Rule 8; <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981)).  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," <u>McHenry</u> 84 F.3d at 1179.

Moreover, in asserting multiple unrelated claims against different defendants, plaintiff presents the kind of "mishmash of a complaint" that has been roundly repudiated. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits").  Fed. R. Civ. P. 18(a) provides: "A party asserting a claim, counter-claim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits[.]" <u>Id.</u>

It is true that Fed. R. Civ. P. 20(a) provides that "[p]ersons ...may be joined in one action as defendants if: (A) any right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  However, "[a] buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner."  <u>Id.</u> at 607.

The complaint will be dismissed but plaintiff will be granted leave to amend. Should plaintiff seek leave to amend in this court, however, he must frame a colorable claim against a defendant residing in this jurisdiction, which he has failed to do.  His claim against defendant Schwarzenegger is simply too tenuous and amorphous for the complaint to be retained in this court based on plaintiff's claim of having sent a complaint to his office.  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be

brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Should he elect to proceed upon his claims all of which center upon defendants at CCI and SVSP, he should file an action or separate actions within the appropriate venue.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: October 8, 2010

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
solo2103.bnf

8