IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENTE SOLOMON,

    Plaintiff,                        No. CIV S-10-2103 WBS GGH P

    vs.

J. NEGRETE, et al.,

    Defendants.               ORDER

         Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed with leave to amend by order, filed on October 8, 2010. Plaintiff was granted very generous extensions of time by orders, filed on November 9, 2010, and on December 1, 2010, primarily to allow plaintiff to provide the requisite self-addressed, postage-paid envelope for plaintiff to obtain a copy of the 300-page original complaint filed in this court that he sought. Notwithstanding having been granted some 90 days in time extensions for the filing of an amended complaint, plaintiff completely failed to cure the defects of the original (including fundamental Rule 8 violations), instead electing to file, on the same day, two separate first amended complaints. See docket # 15 and # 16, filed on 2/07/22. Before having proceeded to the details of the defects of plaintiff's original meandering and disjointed filing, which named over a hundred defendants, the court previously noted at the

1

outset that the complaint appeared to be mis-filed in this particular court as it primarily related to defendants employed at California Correctional Institution (CCI), which is within the venue of the Fresno Division of the Eastern District of California, and at Salinas Valley State Prison (SVSP), which is located within the venue of the Northern District of California.[1]  See Order, filed 10/08/10, docket # 9, p. 3.  Plaintiff has now further confused the issue by filing two separate putative amended complaints, one naming some forty (40) CCI defendants, the other listing more than thirty (30+) defendants located at SVSP.  The court cannot screen two separate amended complaints filed on the same day in the same action and therefore the first amended complaints must be stricken.  Plaintiff will be given one more chance to amend to make colorable allegations against defendants that come within the jurisdiction of this court;[2] should he seek to proceed against defendants in other venues, he may file a complaint in the appropriate venue.  Should he file a further amended complaint in this court naming only defendants that do not come within the venue of this court, assuming colorable allegations, the case will have to be transferred.

        Plaintiff, currently incarcerated at CCI, has also very recently (on April 25, 2011) filed a "request for an emergency transfer" alleging that his life is in danger primarily based on his claim that on February 4, 2011, he was pepper-sprayed and, although an asthmatic, was denied an inhaler; he also complains of the restrictive conditions under which he is housed and claims he has been threatened for having refused to withdraw his 602 appeals.  See docket # 20.  Although he apparently also seeks to add, in his request, new defendants to this action, there

---

[1] The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b)

[2] The appropriate standards for allegations of a civil rights complaint were set forth in the court's order, filed on October 8, 2010, as well as an explanation of the defects of the original complaint.

1 currently is no complaint pending in this action; thus, there are no defendants upon which the
2 court could order any form of injunctive relief.  Additionally, the undersigned notes that plaintiff
3 has filed very similar requests, on March 10, 2011, and on April 25, 2011, in a case on which he
4 is currently proceeding in this division of the U.S. District Court, Eastern District of California,
5 of which this court takes judicial notice:[3] Solomon v. Felker, et al., CIV-S-08-2544 WBS JFM
6 P.[4]

7          Plaintiff's separate request for the court to order CCI to make copies of his
8 exhibits will also be denied.

9          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
10 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
11 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
12 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
13 there is some affirmative link or connection between a defendant's actions and the claimed
14 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
15 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
16 vague and conclusory allegations of official participation in civil rights violations are not
17 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
19 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
20 complaint be complete in itself without reference to any prior pleading.  This is because, as a
21 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
22 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

---

[3] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[4] Those requests are pending and the undersigned observes that therein plaintiff implicates the same February 4, 2011 pepper-spraying incident.

3

longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's first amended complaints, filed on February 7, 2011, at docket # 15 and docket # 16, are stricken, with one more opportunity granted plaintiff to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.  There will be no extension of time.

        2. Plaintiff's request for an emergency transfer, construed as a motion for preliminary injunctive relief, filed on April 25, 2011 (docket # 20), is denied without prejudice to the filing of an appropriately supported affidavit seeking such relief, should plaintiff file an amended complaint alleging colorable claims against defendants within the court's jurisdiction.

        3. Plaintiff's request for the court to order CCI to make copies of plaintiff's exhibits, filed on February 22, 2011 (docket # 19), must be denied at this time.

DATED: May 3, 2011

        /s/ Gregory G. Hollows

        UNITED STATES MAGISTRATE JUDGE

GGH:009
solo2103.ord