1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VINCENTE SOLOMON,

11              Plaintiff,                        No. CIV S-10-2103 WBS GGH P

12        vs.

13   J. NEGRETE, et al.,

14              Defendants.                       ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42

17   U.S.C. § 1983.  Plaintiff has filed another request for an emergency transfer, but there is no

18   complaint or amended complaint pending in this case at this time.  Plaintiff identifies the date of

19   the writing of this latest request within the document (docket # 20) as May 5, 2011, although this

20   request was not filed until May 12, 2011.  Therefore, on the face of it, before writing this latest

21   request, it appears, at least at the outset of this document, that plaintiff could not have received

22   this court's order, filed on May 3, 2011, striking plaintiff's two separate first amended

23   complaints filed on the same date, granting plaintiff further leave to amend and construing

24   plaintiff's April 25, 2011, request for an emergency transfer as a motion for preliminary

25   injunctive relief which was denied without prejudice to the filing of an appropriately supported

26   affidavit seeking such relief, if plaintiff filed an amended complaint alleging colorable claims

                                                  1

1   against defendants within the court's jurisdiction.  The pending request attaches as an exhibit the

2   earlier request for an emergency transfer that has been addressed in the May 3, 2011, order.  This

3   request for an emergency transfer therefore appears to be duplicative and will be vacated.

4           Plaintiff, however, later appends a document that indicates he received the May 3,

5   2011, order at some point and the certificate of service indicates plaintiff submitted this pending

6   request for mailing on May 8, 2011.  In that portion of the document, plaintiff complains that he

7   will be unable to respond to the order due to lack of paper supplies, etc.  See Request, p. 35.

8   However, this does not explain how plaintiff is able to keep filing documents, including this one,

9   in this action.  If plaintiff is being completely foreclosed from access to his legal property and not

10  allowed to make any copies of legal documents to be filed in this case (although it does appear

11  that he was able to duplicate his prior request for an emergency transfer), plaintiff must clarify

12  his efforts to obtain the materials he needs and must specifically name the individual or

13  individuals responsible for depriving him of access to all of his legal property and legal supplies

14  and how and when any such persons so deprive him, and he must do so in a declaration under

15  penalty of perjury with any supporting exhibits.  At this time, however, plaintiff's amended

16  complaint remains due in accordance with the order, filed on May 3, 2011.

17          Accordingly, IT IS ORDERED that:

18          1.  Plaintiff's request for an emergency transfer, filed on May 12, 2011 (docket #

19  22), is vacated as duplicative of the request made on April 25, 2011 (docket # 20);

20          2.  Plaintiff must comply with the order, filed on May 3, 2011 (docket #21); and

21          3.  If plaintiff is significantly hindered from compliance with this court's prior

22  order, plaintiff must set forth the circumstances, as set forth above, in the form of a well-

23  supported affidavit or declaration.

24  DATED: May 19, 2011                          /s/ Gregory G. Hollows

25                                               _____
                                                 UNITED STATES MAGISTRATE JUDGE
26  GGH:009
    solo2103.ord2