IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENTE SOLOMON,

     Plaintiff,                   No. CIV S-10-2103 WBS GGH P

    vs.

J. NEGRETE, et al.,

     Defendants.          <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On June 21, 2011, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has not filed objections to the findings and recommendations.[1]

        The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.  Accordingly, IT IS HEREBY

---

[1] Plaintiff's objections, filed on July 11, 2011, appear to be directed, to the extent that can be discerned, to the findings and recommendations filed on June 24, 2011.

1

ORDERED that:

    1. The findings and recommendations filed June 21, 2011, are adopted in full;

    2. Defendants Caresco, Bryant, Steadman, Negrete, Miner, Sheet, Cable, Mello, Heil, Grimm, Wallace, Cannon, Turner, Bonville, Davis, Foston, Hodges, Hollins, Blankmanship (or Blankenship), Gentry, Curliss, Bruitt, Doung, Nurse Franco, Jaquin, Hibbard, Heard are dismissed; in addition, that portion of plaintiff's claim against defendants Torres, Norgaard and Wright regarding being forced out of the SHU are dismissed. As well, plaintiff's claims against defendants Lundy, Schuyler and Sgt. Franco, regarding a claimed lack of outdoor exercise are dismissed; also claims against defendant Schuyler related to a deprivation of a variety of personal property are dismissed.

    3. The case only proceeds as to the following: a claim of retaliation against Torres, Norgaard, Wright for placing and retaining plaintiff in the SHU from December 31, 2006 to July 28, 2007, for the filing of a grievance against defendant Torres; a claim of inadequate medical care regarding an alleged abrupt termination of pain medication against defendant Tate; a claim of retaliation against defendant Stallcup for her alleged actions following the filing of a grievance by plaintiff; a claim of an Eighth Amendment violation against defendants Vasquez, Medrano and Barajas for excessive force and of retaliation,[2] regarding a pepper-spraying incident and its aftermath, as well as a claim of retaliation against defendants Garcia, Lundy, Campbell, Sgt. Franco and Prior, regarding plaintiff's filing complaints about being pepper-sprayed.

    4. Plaintiff's June 3, 2011 (docket # 24), request for preliminary injunctive relief

///

///

---

[2] While an excessive force claim is a claim of an Eighth Amendment violation, of course, any claim of retaliation allegation implicates the First Amendment.

2

///

///

is denied without prejudice.

DATED: July 20, 2011

*[signature: William B. Shubb]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/solo2103.800

3