IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENTE SOLOMON,

    Plaintiff,                      No. CIV S-10-2103 WBS GGH P

  vs.

J. NEGRETE, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a motion seeking a court order for law library access and copies. In his motion, plaintiff alleges that court orders are necessary before he can use the law library or obtain adequate supplies and copies. While plaintiff claims to have four active cases for which he claims to be having trouble obtaining adequate paper supplies and copies, this court is concerned only with the one which comes within its jurisdiction, i.e., the instant case.

        On June 21, 2011, plaintiff was ordered to return certain forms and to provide fourteen copies of the amended complaint so that the court could direct service of process upon thirteen defendants.[1] Although plaintiff's failure to provide a declaration when seeking a court

---

[1] In separate findings and recommendations, also filed on June 21, 2011,, the undersigned recommended dismissal of nearly thirty other defendants plaintiff had named as well as a number

1

order has previously been noted,[2] plaintiff continues not to submit a declaration in support of his request.  Plaintiff attaches exhibits which, while unauthenticated, do indicate that he has submitted a number of requests to obtain copies and envelopes for his various active cases.  One of the exhibits is particularly telling, both as to the obstacle plaintiff is facing to proceeding at this point in this action, and as to the burden plaintiff apparently imposes upon prison officials with his apparently frequently-made requests for copies and legal mailing material.

>  Excessive Request for Indigent Copy Services  07/14/2011 128-A
>
>  - - - - - - - -
>
>  Over a period of approximately three days, Inmate Solomon P-17188 of 1B 110L has sent to the 4B Legal Office via institutional mail, six requests for copy services accumulation a total of 276 pages I am unable to locate an original "Petition for Writ of Habeas Corpus"
>
>  Individually, each request does not exceed the 50/100 page limit as allowable per[] DOM section 1101120.15 but together it is well over the maximum amount.
>
>  On this day Inmate Solomon's / P-17188 trust account balance reflects a zero balance.
>
>  Total copy request as outlined:
>
>  1) 75 x 14 = 1050
>  2) 61 x 3  = 183
>  3) 26 x 3  = 75[3]
>  4) 32 x 3  = 96
>  5) 27 x 3  = 81
>  6) 56 x 3  = 168
>
>  Total of . . . . . . . 1653 x .10 cents per copy
>
>  Cost to the State $ 165.30

---

of plaintiff's allegations made against the remaining defendants.  These findings and recommendations have been adopted.  See Order, filed on July 21, 2011.

  [2] By Order, filed on June 24, 2011, plaintiff was ordered to stop engaging in seriatim filings of inadequately supported requests for preliminary injunctive relief.

  [3] Actually, this figure is off by 3, so the total is actually 1656 copies requested.

2

> It is my opinion that Inmate Solomon is attempting to manipulate this office into believing that individually, each request is different and that he is not violating the above procedure. In reality he is well over the legal limits.
>
> Inmate Solomon has and continues to request unrealistic copy requests and supplies. Solomon will routinely attempt to request 20 to 30 manila envelopes at a time. Additionally, Solomon floods that Legal Office with 10 to 15 CDCR 22's per week which necessitates an inordinate amount of time I should have to spend on one inmate.
>
> This report serves as a warning that continued behavior of harassment and attempted manipulation of this office may result in an issuance of a CDCR 115, 3005(a).
>
> P. Grant / 4B Legal Officer
> [signed]

Exhibit C to plaintiff's motion.

The initial figure, cited above, represents the pages plaintiff is presently under an obligation to provide to this court and is by far the most burdensome of his requests (14 copies of the 75-page first amended complaint = 1050 pages). In an effort to streamline the actual pages for copying while maintaining those pages necessary to proceed in this action, this court conducted a review of the amended complaint, which indicates that the body of plaintiff's amended complaint is contained at pages 1 through 3 and at pages 68 through 75,[4] i.e., a number totaling eleven (11) pages. The remainder of the amended complaint is made up of rather randomly interspersed exhibits. Once defendants are served, counsel for defendants can access all of the exhibits attached to the amended complaint through the court's electronic docketing system, which action will significantly reduce the burden on prison officials to provide plaintiff with adequate copies of the amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 21, 2011(docket # 37) motion, construed as a request for the

---

[4] The court's electronic pagination is referenced.

1  court's assistance in obtaining adequate copies of his amended complaint to comply with a prior
2  court order, is granted as set forth above;
3          2. The Clerk of the Court is directed to provide plaintiff with a single copy of the
4  following pages of plaintiff's first amended complaint, filed on June 6, 2011 (docket # 25): pages
5  1 through 3 and pages 68 through 75; these pages are to be attached as one document; once
6  served, defendants' counsel may access the attached exhibits to the amended complaint in the
7  court's electronic docket;
8          3. In lieu of copies of the 75-page first amended complaint at docket # 25,
9  plaintiff will be required to obtain and return to the court 14 copies of the 11-page body of the
10 complaint, provided herewith; and
11         4. Plaintiff is granted an extension of time until 28 days from the filed date of this
12 order to return the documents sent to him by order, filed on June 21, 2011 (docket # 26), as
13 modified by this order.
14 DATED: July 27, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
solo2103.ord4