IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENTE SOLOMON,

    Plaintiff,                      No. CIV S-10-2103 WBS GGH P

   vs.

J. NEGRETE, et al.,

    Defendants.             ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order, filed on July 27, 2011, the court reduced the pages of plaintiff's amended complaint to be copied from seventy-five to eleven in order to facilitate plaintiff's ability to return the fourteen copies required for the complaint to be served on the remaining thirteen defendants. See Order, filed on June 21, 2011 (docket # 26), and Order, filed on July 27, 2011 (docket # 38). Plaintiff was granted, in the latter order, an additional twenty-eight days to file the requisite forms and copies for the court to direct service of the amended complaint. However, on August 22, 2011, instead of filing the necessary documents and apparently despite this court's effort to significantly streamline the number of pages to be copied in order to reduce the burden on the prison to provide the copies, plaintiff has informed the court that he continues to be deprived of the required copies. He includes a copy of a grievance dated August 11, 2011, with a

1

1  response from a Correctional Officer named P. Grant which states, inter alia, the following:

2      What is the significance of your court order?  Why am I obligated
3      to copy it?  You have not included it in your case.  Additionally,
    your court does not require 14 copies.  We have procedures that we
4      are obligated to follow.

5  Docket # 38, p. 4.

6      Due at least in part to what appears to be a form of obstruction on the part of one
7  or more prison officials, no defendants have been served with process.  Usually persons or
8  entities not parties to an action are not subject to orders for injunctive relief.  Zenith Radio Corp.
9  v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  However, the fact one is not a party does not
10 automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the
11 court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the
12 usages and principles of law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685
13 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977).  This section
14 does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is
15 meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber
16 Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

17     The court is concerned that it may lose its jurisdiction if plaintiff is unable to
18 prosecute this action because he is not being provided the requisite copies of the amended
19 complaint for this court to direct service of process.

20     Accordingly, IT IS ORDERED that:

21     1. Solely to the extent that plaintiff seeks this court's intervention with regard to
22 his not being provided copies of his amended complaint, plaintiff's motion, filed on August 22,
23 2011 (docket # 40), is granted;

24     2. Within fourteen days of the date of this order the Warden of California
25 Correctional Institution shall inform the court why jail officials have refused to provide the
26 required copies of the amended complaint which this court has ordered, sufficient for plaintiff to

return fourteen copies, along with the summons and completed USM-285 forms, in order for the court to direct service of process in this action; and

    3. The Clerk of the Court is directed to serve this order on Warden Fernando Gonzalez at California Correctional Institution / 24900 California 202 / Tehachapi, CA 93561-5558 (P.O. Box 1031 / Tehachapi, CA 93581 (Attn. Warden Gonzalez)), and also on Monica Anderson, Supervising Deputy Attorney General.

DATED: September 14, 2011

          /s/ Gregory G. Hollows
          UNITED STATES MAGISTRATE JUDGE

GGH:009
solo2103.ord5