1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    VINCENTE SOLOMON,

11              Plaintiff,                    No. CIV S-10-2103 WBS GGH P

12         vs.

13    J. NEGRETE, et al.,

14              Defendants.             ORDER

15    _____/

16              Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

17    1983.  By order, filed on September 15, 2011, the court invoked the All Writs Act, 28 U.S.C. §

18    1651(a), for the limited purpose of determining why prison officials were refusing to provide the

19    requisite copies of the amended complaint which this court had ordered, sufficient for plaintiff to

20    return fourteen copies, along with the summons and completed USM-285 forms, in order for the

21    court to direct service of process in this action.  The court had, in order to lessen the burden on

22    prison staff, previously reduced the number of pages of the amended complaint that needed to be

23    copied from seventy-five (75) to eleven (11).  See Order, filed on July 27, 2011 (docket # 38).

24    Only after plaintiff continued to complain that he still could not obtain copies of the amended

25    complaint and provided some basis for the assertion (see Order, filed on September 15, 2011

26    (docket # 42) did this court require a response from the warden at California Correctional

1

1   Institution (CCI) in order that the court would not lose its jurisdiction in this matter.  In a timely

2   response, dated September 27, 2011, P. Grant submitted a declaration stating that he or she is the

3   CDCR employee who is the Legal Officer assigned to the law library facility at CCI where

4   plaintiff is incarcerated.  Docket # 46, Declaration of P. Grant, ¶ 2.  P. Grant offers an

5   explanation of the process for obtaining requests for legal materials and copies by inmates, like

6   plaintiff, who are confined to SHU housing in Facility 4B at CCI.  Grant Dec., ¶¶ 3-4.  According

7   to P. Grant, plaintiff originally submitted a request for copies of 275 pages of documents and did

8   not include any court order specifying the pages of the first amended complaint to be copied or

9   the date by which the copies needed to be made.  Id., at ¶¶ 6-7.  Once  P. Grant learned of the

10  September 15th and July 27th orders, he/she made copies of the first amended complaint and

11  provided plaintiff with the fourteen copies of the eleven-page complaint, along with three manila

12  envelopes for mailing; an exhibit showing plaintiff's acknowledgment of receipt of the items is

13  attached.  Id., at ¶¶ 8-9 & Exhibit B.  P. Grant declares that had plaintiff provided the July 27th

14  order and the eleven-page complaint, the necessary copies would have been made and avers that

15  there was no obstruction.  Id., at ¶¶ 10-11.  P. Grant goes on to state that plaintiff makes inflated

16  requests in excess of the supplies or copies the prison permits but that the office makes an effort

17  to provide plaintiff with the maximum copies or supplies allowed during a week with only the

18  excess denied; it is also stated that plaintiff loses track of his own numerous requests to the legal

19  library via institutional mail.  Id., at ¶¶ 12-14; see also Exhibit A.

20          Exhibit B to the Grant declaration indicates that plaintiff was supplied the

21  fourteen copies of his amended complaint along with three envelopes on September 21, 2011.

22  As of October 11, 2011, plaintiff has supplied the court with the requisite documents for service.

23  The court will find that the show cause order directed to the warden has been discharged.

24  Service of the amended complaint will be directed by separate order.

25  \\\\

26  \\\\

2

1    Accordingly, IT IS ORDERED that the warden has discharged the order issued

2   pursuant to the All Writs' Act, filed on September 15, 2011 (docket # 42), by a timely response

3   from the appropriate prison legal officer on September 27, 2011 (docket # 46).

4   DATED: October 17, 2011

5                                                              /s/ Gregory G. Hollows
                                                    UNITED STATES MAGISTRATE JUDGE

6   GGH:009
    solo2103.ord7

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3