IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENTE SOLOMON,

       Plaintiff,                No. CIV S-10-2103 WBS GGH P

   vs.

J. NEGRETE, et al.,

       Defendants.        ORDER

_____/

Motion for Investigation

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion for the court to order C.C.I. (California Correctional Institution) to conduct a full investigation, to order polygraph tests and to have criminal charges brought against California Department of Corrections and Rehabilitation (CDCR) correctional officers (C/Os) for attempting to murder him and for use of excessive force against him. See Motion at docket # 73, filed on January 5, 2012.

        By Order, filed on July 21, 2011, adopting the Findings and Recommendations, filed on June 21, 2011(screening the amended complaint, following dismissal of his 300-page original complaint), a number of claims and nearly thirty defendants were dismissed from this case and it was determined to be proceeding only as to the following:

1

a claim of retaliation against Torres, Norgaard, Wright for placing and retaining plaintiff in the SHU from December 31, 2006 to July 28, 2007, for the filing of a grievance against defendant Torres; a claim of inadequate medical care regarding an alleged abrupt termination of pain medication against defendant Tate; a claim of retaliation against defendant Stallcup for her alleged actions following the filing of a grievance by plaintiff; a claim of an Eighth Amendment violation against defendants Vasquez, Medrano and Barajas for excessive force and retaliation, regarding a pepper-spraying incident and its aftermath, as well as a claim of retaliation against defendants Garcia, Lundy, Campbell, Sgt. Franco and Prior, regarding plaintiff's filing complaints about being pepper-sprayed.

Order, filed on 7/21/11, p. 2.

In addition, plaintiff's June 3, 2011, motion for a preliminary injunction was denied without prejudice.[1] Id. at 2-3. Thereafter, plaintiff's defective motion for preliminary relief, filed on June 21, 2011, was also denied. See Order, filed on 7/21/11, adopting Findings and Recommendations, filed on 6/24/11. By Order, also filed on June 24, 2011, along with the Findings and Recommendations, the undersigned ordered plaintiff to "no longer engage in the seriatim filing of inadequately supported and inapposite requests for preliminary injunctive relief, particularly while such a request is still pending," cautioning plaintiff that any such future filings would be disregarded. Thereafter, plaintiff filed a motion for preliminary injunctive relief in the form of an order renewing his pain medication, on September 8, 2011, for which the undersigned ordered a response from defendant Tate was denied by Order, filed December 23, 2011, adopting the Findings and Recommendations, filed on October 21, 2011. Plaintiff's motions for a court-ordered transfer of prisons, filed on September 26, 2011, and on October 5, 2011, were disregarded, pursuant to this court's June 24, 2011 order. See Order, filed on 10/21/11.

\\\\\

---

[1] Prior to this denial, plaintiff's April 25, 2011, request for an emergency transfer/preliminary injunctive relief had been denied without prejudice to plaintiff's filing of an appropriately supported affidavit seeking such relief, if plaintiff should file an amended complaint setting forth colorable claims against defendants within the jurisdiction of this court. See Order, filed on 5/03/11. Plaintiff filed another request for an emergency transfer, on May 12, 2011, while there was no complaint or amended complaint pending which was vacated as duplicative of the prior request.

2

In the present request for an investigation, while plaintiff does not couch it as a request for preliminary injunctive relief perhaps in a somewhat transparent effort to circumvent the court's June 24, 2011 admonition, plaintiff embarks again on highly dramatic claims that he has almost been killed by several C/O's, this time, Castaneda,[2] Sanchez and Banks, who have allegedly been given permission to hurt or kill him by a Sgt. Press in retaliation for plaintiff's having filed staff complaints against the correctional officers. See Motion at docket # 73, p. 1. Not one of these individuals, however, are included among the thirteen defendants against whom plaintiff is proceeding in this action.

Plaintiff's present accusations, while wide-ranging enough to include complaints of being improperly housed in a cell with no heat or hot water and a leaking ceiling that destroyed his new digital television, appear to center on claims of retaliation when plaintiff tried to stop excessive force being used against him in the form of being forced into small handcuffs. Docket # 73, pp. 2-3. Plaintiff, who has asthma, alleges that he made repeated reports to no avail that CO's Castaneda and Sanchez had threatened to spray and kill him and set him up and that these officers had told him that Sgt. Press had told them they could do whatever they wanted with plaintiff. Id. at 3. Plaintiff knew he was being set up when C/O Castaneda called him to his cell door for legal mail at 9:45 p.m. because that mail is delivered at 4 p.m. Id. Plaintiff claims he was in bed and refused without a sergeant and lights being turned on at which point Castaneda allegedly sprayed plaintiff three times then threw in a T-16 grenade in an effort to murder plaintiff. Id. at 4. Plaintiff includes a copy of a Rules Violation Report reported by Castaneda which confirms that that officer was, indeed, issuing plaintiff's legal mail well beyond 4:00 p.m. (at 2125 hours) and that he "deployed the entire contents" of his MK-9 Fogger into plaintiff's cell when plaintiff grabbed his right hand through the food/cuff port and refused to release it. Id. at 22. Castenada also states that he threw the grenade in the cell through the food/cuff port once he

---

[2] Although plaintiff spells this name throughout as "Constenada," by reference to plaintiff's exhibits it appears that the correct spelling is "Castenada."

was able to release his own hand from plaintiff but while plaintiff continued to reach through the port.  Id.  Plaintiff includes a copy of a crime incident report by RN Settles who treated plaintiff after the incident, determined there was no apparent sign of respiratory distress and flushed his eyes with saline after which plaintiff apparently indicated his burning eyes felt much better.  Id. at 30.

Plaintiff contends that Castaneda's description of the incident with regard to plaintiff's grabbing and holding his hand could not have happened as he described it and that prison employees, including RN Settles, covered up the incident, by destroying plaintiff's clothes and refusing to photograph plaintiff's injuries or take statements from plaintiff's witness and by not conducting a full investigation or firing any officers.  Docket # 73, pp. 4-6.  Plaintiff informed the D.A.'s office that he was willing to take a polygraph test.  Id. at 6.  Plaintiff includes a letter from the Kern County District Attorney's Office, dated December 15, 2011, informing plaintiff that the D.A.'s office is not an investigatory agency, has no police powers and is unable to act upon matters other than those investigated and reported by an appropriate law enforcement agency.  Id. at 59.

It is not within the purview of this court to launch a criminal investigation on plaintiff's behalf or to order a state agency to conduct one.  Plaintiff could consider filing a civil rights action in the Fresno Division of the Eastern District as the alleged misconduct took place in Kern County, which is part of the Fresno Division of the United States District Court for the Eastern District of California.  See Local Rule 120(d).  In any case, this court lacks jurisdiction over individuals who are not parties to this action.  Plaintiff's motion for the court to order an investigation of the incident involving non-parties must be denied.

Motion to be Moved

On April 11, 2012, plaintiff filed a request/motion that he be moved back to 4B SHU and issued all his personal property, including his television, legal work and supplies.  Docket # 84.  Plaintiff states that on April 2, 2012, defendant Lundy ordered that plaintiff be

moved back to 4A yard where the other defendants are and that defendant Lundy has been having the appeals coordinators screen out plaintiff appeals.  Id.  Plaintiff states that a copy of motions and exhibits he gave to the law librarian on April 2, 2012, got to 4A yard while plaintiff was in 4B yard, and on April 3, 2012, he was threatened with being killed or assaulted by an unnamed individual that if he did not move to 4A yard.  Id.  After this retaliatory move was approved (apparently by non-defendants), plaintiff claims that he was placed in a stripped cell, forced to eat and sleep on the floor and with all his legal work, television, toothpaste and clothes taken.  Id.  Plaintiff claims that he could not get copies of his request for an attorney or a large envelope to mail it in.  Id.  However, it appears that plaintiff was able to mail in the motion regarding appointment of counsel.  See below.  With request to his request to be moved, that will be denied at this time.  In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments.  See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972).  Moreover, this one-page request is unaccompanied by a declaration or any supporting exhibits.  However, the court will require defendants to file a response to plaintiff's claims regarding being deprived of his legal property.  See below.

                Motion for Appointment of Counsel

        Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  Plaintiff has demonstrated a repeated willingness to present the court with insufficiently supported, often histrionic, claims and has also shown no hesitation to communicate his many demands to the court and is apparently not being hindered in doing so.  In the present case, the court, therefore, does not find

the required exceptional circumstances and plaintiff's request for the appointment of counsel will therefore be denied.

However, plaintiff includes a letter with his request wherein he accuses defendants of refusing to allow him to correspond with his inmate witnesses, of refusing to process his 602 appeals or to provide him with second and third level appeal responses, of being deprived, inter alia, of his glasses and of being otherwise, directly or indirectly hampered in preparing discovery and trying to prosecute his case. Docket # 83-1. As noted, plaintiff has also claimed that he is being deprived of his legal property. Docket # 84. Although plaintiff is being denied counsel at this time, defendants must respond within fourteen days to plaintiff's accusations that he is being actively obstructed in proceeding in this action, and, most particularly, that he has had his legal property and supplies removed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the court to order an investigation, filed on January 5, 2012 (docket # 73), is denied;

2. Plaintiff's motion to be moved to another yard, filed on April 11, 2012 (docket # 84), is denied;

3. Plaintiff's request for the appointment of counsel, filed on April 11, 2012, (docket # 83) is denied; however,

4. Defendants must file a response, within fourteen days, to plaintiff's complaints about being obstructed from prosecuting this case, as set forth above.

DATED: April 23, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:md
solo2103.31