IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENTE SOLOMON,

    Plaintiff,                    No. CIV S-10-2103 WBS GGH P

  vs.

J. NEGRETE, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed on April 23, 2012, defendants were ordered to respond, within fourteen days, to plaintiff's complaints about being obstructed from prosecuting his case, i.e., alleging, inter alia, that he is being deprived of his legal property and supplies. In a response filed on May 7, 2012 (docket # 88), by defendants Barajas, Campbell, Franco, Garcia, Hazelton (aka Torres), Lundy, Medrano, Norgaard, Prior, Stallcup, Vasquez and Wright, joined on the same day by defendant Tate (# 89), defendants aver that on April 17, 2012, plaintiff's property, including his legal property was returned to him. Defendants have produced documentation to show that plaintiff, who was housed in the Facility 4B Security Housing Unit (SHU) at California Correctional Institution (CCI) was moved Facility 4A SHU on April 4, 2012, because Licensed Vocational Nurse Hibbard, whom plaintiff had allegedly threatened to kill, was assigned to 4B.

1

1  Response at # 88, p. 2 & Exhibits A, 1 (copy of plaintiff's inmate property inventory, dated
2  4/4/12); B, 1 (copy of request by CCI 4A Sgt. P. Marquez to move plaintiff due to his having
3  charged with threatening LVN Hibbard)

4  Plaintiff, along with other SHU inmates, was temporarily placed in the
5  administrative segregation unit (ASU) due to a lack of bed space in the SHU, according to
6  defendants. Resp. (# 88), p. 2. Defendants contend that plaintiff, who has a history of disruptive
7  behavior, became agitated and threatened to force a cell extraction if not placed in a SHU
8  building. Id. Thus, he was placed on management cell status (MCS), a protocol followed
9  wherein a disruptive or unpredictable inmate is placed on single-cell status and supplied with a
10 mattress (which rests on the floor), blanket and limited clothing. Id. Any other property of an
11 inmate on MCS is stored until such time as he is taken off of it. Id. While plaintiff was on
12 MCS, he received his medication, showers, food, was provided with legal materials, including
13 copies, paper, envelopes and research material, and was interviewed, regarding a pending 602
14 inmate appeal. Id., & Exs. C, 1-2 (record of daily activity for plaintiff from 4/1/12 through
15 4/16/11) ; D, 1-2 (plaintiff's medication administration record from 4/1/12 through 5/1/12); E
16 (plaintiff's inmate legal library request forms dated 4/3/12, 4/10/12, 4/18/12, 4/25/12, showing
17 plaintiff was provided copies regarding various of his pending cases).

18 Plaintiff continued on MCS until April 17, 2012, when he was moved to Building
19 1, a SHU building, whereupon his property was returned to him. Resp. (# 88), p. 2 & Ex. A, 2
20 (inventory of plaintiff's property dated 4/17/12). Defendants showing has discharged the court's
21 order and plaintiff's claims regarding being obstructed in pursuing his claims have not been
22 confirmed. To the extent plaintiff has been subjected to any period of limited access to his legal
23 property it appears to have been as a result of plaintiff's own misconduct.

24 Accordingly, IT IS ORDERED that, by their response at docket # 88 & # 89,
25 defendants have satisfactorily discharged the court's order, filed on April 23, 2012 (docket # 85),
26 \\\\\

1  and plaintiff's complaints regarding having been or being hindered or obstructed in the
2  prosecution of this action have not been substantiated.
3  DATED: May 31, 2012

                                         /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE

GGH:009
solo2103.ord