1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VINCENTE SOLOMON,

11          Plaintiff,                      No. 2:10-cv-2103 WBS GGH P

12      vs.

13   J. NEGRETE, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42

17   U.S.C § 1983.   More than a year ago, this court ordered that "plaintiff no longer engage in the

18   seriatim filing of inadequately supported and inapposite requests for preliminary injunctive relief,

19   particularly while such a request was still pending... ."  See Order, filed on June 24, 2011

20   (docket # 30).  Plaintiff was cautioned that should he do so, such filings would be disregarded.

21   Id.

22          In an order, filed on June 1, 2012, the undersigned determined that defendants on

23   May 7, 2012, had filed a response that satisfactorily discharged an April 23, 2012, order of the

24   court regarding plaintiff's claims of being obstructed in the prosecution of this case.  The

25   response indicated that plaintiff did have his legal property and supplies accessible to him for the

26   most part.  The court therein noted that, to the extent he did not, it appeared to be as a result of

                                              1

1  plaintiff's own misconduct.  See docket # 92.

2          Despite this court's caution regarding seriatim filings, the undersigned is

3  confronted with a series of primarily histrionic and ill-supported filings by plaintiff, which begin

4  with two motions filed on April, 26, 2012 (docket #'s 86 & 87).  In the first, he asks for the court

5  to order declarations from no less than 35 correctional officers regarding their having seen that

6  plaintiff had been identified as a sensitive needs yard inmate by two of the defendants on

7  plaintiff's 128A chrono, log books and bed card, which is not reflected in his c-file, in order to

8  make him a target.  See docket # 86.  He also appears to be asking for copies of 128A chronos

9  from 2007 through May of 2012.  Id.  Plaintiff does not indicate, as to the chronos, that he has

10  ever made a request of the defendants for the material he seeks in an appropriate request for

11  production of documents.  Plaintiff does not provide any supporting declaration with respect to

12  what is actually on the chronos.  He has also been informed that the court generally does not have

13  jurisdiction to make demands of non-parties.  This request will be denied as will his second

14  unsupported request made on the same day (docket # 87) regarding his screened out appeals.

15          Plaintiff filed a half-page request on June 20, 2012, which provides no basis at all

16  for relief, requesting a court order for a return of property to meet legal deadlines, claiming he

17  has once again been placed in what he intends to indicate is a cell stripped of television, radio,

18  books, toothpaste, legal work and books.  He asks for the court to order the return of his personal

19  property and also seeks in disjointed fashion to be seen by "limpar spinal doctor," by which he

20  evidently means to ask for a specialist in the lumbar spine, claiming he needs a new M.R.I. and

21  asserting that his periods of pain have increased from periods of one to three minutes to five to

22  ten minutes.  See docket # 93.  He also states that "they also told me my life was in danger at CCI

23  which I told you about 10x time."  Id.  There is no supporting declaration and the document is

24  not even signed.  This request will be disregarded.

25          In his fourth  request, filed on July 2, 2012, plaintiff claims that his personal

26  property was confiscated on June 11, 2012, and that on June 14, 2012, he was moved to

1   [California State Prison (CSP)-] Corcoran because his life was in danger in the SHU (security

2   housing unit) at California Correctional Institution (C.C.I.) from unnamed staff setting plaintiff

3   up "to be killed by other inmates." See docket # 95.   Notwithstanding having been transferred

4   from a facility wherein he claims to have been at such risk, plaintiff does not take a moment to

5   express any relief, launching instead immediately into complaints of having been placed in a cell

6   with a concrete bed and none of his property.  Id.  In what appears to be an almost total non

7   sequitur plaintiff asks the court to order 50 non-collect phone calls for him to be able to gather

8   evidence and witnesses to submit to the court.  This request has the virtue of having been made

9   under the penalty of perjury but it falls on its merits and is denied.

10                His fifth and sixth requests, filed, respectively, on July 20, 2012, and on July 23,

11   2012 (docket #'s 96 and 97), plaintiff seeks a thirty day extension of time and a court order for

12   the Corcoran law librarian to have copies made of unspecified legal documents, followed by a

13   request for a ninety day extension of time to complete discovery.  It is unclear of what deadline

14   he seeks an extension and it will be denied.  As to the request for an extension of time to serve

15   discovery, the January 31, 2012, scheduling order set the discovery deadline as June 11, 2012,

16   making this request belated.  Plaintiff, however, appears to be indicating that he has just received

17   the interrogatories and request for admissions and requests for production of documents that he

18   intends to serve on the defendants but that is not at all clear.  Docket # 97.  He again asks for 50

19   non-collect phone calls; he asks to be issued subpoenae to obtain statements from doctors who

20   treated him and statements from staff and inmate witnesses regarding his having been shot and

21   pepper sprayed in February 2011; he wants an opportunity to file an amended complaint.  Id.   He

22   claims that the defendants destroyed some 50 pages of exhibits he intended to use "for this

23   discovery" in April of 2012.  Id.  The court cannot conduct plaintiff's discovery for him;

24   nevertheless, if indeed, plaintiff has been deprived of an opportunity to serve his discovery

25   requests which should have been served well in advance of his transfer in order to have met the

26   discovery deadline, the court will generously afford plaintiff a last opportunity to serve his

1  discovery requests upon the defendants and will grant an extension of the discovery deadline as

2  well as an extension of the dispositive motion deadline as set forth below.

3  Accordingly, IT IS HEREBY ORDERED that:

4  1.  Plaintiff's insufficiently supported motions, filed on April 26, 2012 (docket #

5  86 and # 87), are denied;

6  2.  Plaintiff's defective request, filed on June 20, 2012 (docket # 93), is

7  disregarded.

8  3.  Plaintiff's request, filed on July 2, 2012 (docket # 95), is denied;

9  4.   Plaintiff's insufficient request for an extension of time, filed on July 20, 2012

10  (docket # 96), is denied;

11  5.  Plaintiff's request for a 90-day extension of time to complete discovery, filed

12  on July 23, 2012 (docket # 97), is granted, as follows:

13  6.  The discovery deadline is now re-set for October 21, 2012;

14  7.  The dispositive motion deadline is re-set for January 18, 2013.

15  DATED: Sept. 4, 2012

16
17  /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

18
19  GGH:009
solo2103.ord2

20

21

22

23

24

25

26

4