UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE SOLOMON,<br><br>           Plaintiff,<br><br>     v.<br><br>J. NEGRETE, et al.,<br><br>           Defendants. | No.  2:10-cv-2103 WBS AC P<br><br><br><br>ORDER |

     Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motion for an order to produce inmate witnesses for trial (ECF No. 99); (2) plaintiff's motion for court order to be provided supplies (ECF No. 100); (3) another motion by plaintiff regarding supplies and asking for phone call access (ECF No. 102); and (4) plaintiff's motion to compel defendants' response to discovery requests (ECF No. 108).  Defendants have opposed the latter motion.  ECF Nos. 111, 112.

     The court notes at the outset that plaintiff has a history of filing inadequately supported and repetitive requests for miscellaneous relief.  He has been twice warned to discontinue such seriatim filings.  See ECF Nos. 30, 98.  The magistrate judge previously assigned to this case characterized plaintiff's motions generally as "histrionic and ill-supported."  ECF No. 98 at 2. The undersigned has carefully reviewed the docket in this case, and notes that plaintiff's oft-repeated claims of prison interference with his legal work and access to the courts are belied by

1

the frequency of his filings.  The history of the litigation also reflects persistent failure by plaintiff to comply with deadlines and follow court orders and applicable rules.  Despite this litigation history, the undersigned will consider each of the pending motions on the merits.

### Motion for an Order to Produce Inmate Witnesses

Plaintiff has filed a motion seeking the production of inmate witnesses for trial.  ECF No. 99.  This case has not been set for trial.  The motion accordingly will be denied without prejudice as premature.  Plaintiff has previously been informed of the procedures for obtaining voluntary and involuntary inmate witnesses at trial.  Discovery and Scheduling Order, ECF No. 78.  Plaintiff will be reminded of these procedures at the appropriate time should this matter proceed to trial.

### Motion for an Order for Supplies

Plaintiff requests that the court order prison officials to provide him with specific quantities and types of envelopes, paper, and pens on a weekly basis.  He also asks that the defendants be directed to provide him with a free copy of his deposition.  ECF No. 100.  These requests will be denied.  If plaintiff is denied the supplies to which he is entitled under prison regulations, his recourse lies in the first instance in the administrative appeals process.  Moreover, plaintiff's voluminous filings in this court belie his claims of insufficient paper and pens.  Finally, defendants are under no obligation to provide plaintiff with a copy of his deposition at their cost, and plaintiff cites no authority for such a proposition.

### Motion for an Order for Legal Supplies and Legal Phone Calls

In this barely coherent filing, ECF No. 102, plaintiff begins by addressing his discovery efforts.  Plaintiff "resubmits" to the court the interrogatories, requests for admission and requests for production which he evidently intends to be propounded upon defendants.  Plaintiff complains that when these documents were previously submitted to the court, they were improperly returned to him.  He appears to contend that his failure to complete discovery by the October 21, 2012 deadline was caused by the court's error.[1]

---

[1] The discovery cut-off was extended from June 11, 2012 to October 21, 2012 on plaintiff's out-of-time motion.  See ECF No. 98 (Order).  Plaintiff had been clearly instructed that discovery

1        As plaintiff has previously been instructed, see ECF No. 102 at 9, Local Rule 250(c)
2 provides that interrogatories, responses and proofs of service shall not be filed with the court
3 except when there is a proceeding in which they are at issue.  That means that discovery requests
4 needed to be served on the defendants directly, not submitted to the court.  A party who is
5 unsatisfied with the responses to interrogatories may file a motion to compel.  Then and only then
6 is it appropriate to provide copies of the interrogatories and responses to the court, because the
7 court must review them in order to decide the motion.  Plaintiff has been repeatedly advised of
8 these procedures.  See ECF No. 78 (Discovery and Scheduling Order) at 5, 6; ECF No. 98 (order
9 granting extension of time to complete discovery).  In any case, discovery in this case closed on
10 October 21, 2012.  All discovery was to have been *completed*, not begun, by that date.  ECF No.
11 98.  Even if plaintiff had served his discovery requests directly on defendants as the rules require
12 instead of sending them to the court the first time on October 19, 2012,[2] those requests would
13 have been untimely.  This matter is discussed more fully below, in relation to plaintiff's motion to
14 compel.
15        Plaintiff asks the court to order that he be provided with legal supplies and permitted to
16 make "legal phone calls."  He complains that a law library staff member is "sabotaging" his case.
17 ECF No. 102 at 1-2.  The request for supplies is denied for the same reasons as the previous such
18 request.  Plaintiff provides documentation of his written requests to prison staff regarding his law
19 library complaints, with staff and supervisor responses.  Id. at 3-6.  There is no basis for the court
20 to involve itself in this matter.  To the extent plaintiff suggests that law library staff interfered on
21 October 16-19, 2012 with the copying and mailing of the discovery requests that were improperly
22 sent to the court, those allegations have no bearing on plaintiff's failure complete discovery by
23 the deadline.  That was the result of plaintiff's failure to serve discovery requests sufficiently in
24 advance of the deadline.  Even if plaintiff had obtained the copies he sought upon his first request,

---

requests must be served 60 days prior to the discovery deadline in order for discovery to be completed by the deadline.  ECF No. 78 (Discovery and Scheduling Order) at 6; see also ECF No. 98 at 3 (extending deadline but noting that plaintiff should have served discovery requests well in advance).

[2] Plaintiff represents that this is the date he first attempted to mail his discovery requests to the court.  ECF No. 102 at 1.

3

and even if he had served them on defendants, they would not have been served in time for discovery to be completed by the deadline.

Plaintiff's bare request for an order allowing him phone calls will also be denied. There is no basis for such relief.

## Motion to Compel

Plaintiff moves for an order compelling responses to the interrogatories, requests for production and requests for admission that he has twice attempted to file with the court but never served on defendants as required by Fed. R. Civ. P. 33, 34 and 36. The motion to compel was filed on February 25, 2013 (ECF No. 108)[3], more than four months after the October 21, 2012 extended discovery deadline. Defendants oppose the motion on the grounds that (1) it is untimely, (2) the requests were never properly served, and (3) plaintiff has not shown he will be prejudiced if out-of-time discovery is not permitted. ECF No. 111.

In support of his motion, plaintiff recites a litany of complaints about past transfers, interference with his legal work and personal property, conditions of confinement, and threats on his life. These matters were previously considered by the court in relation to the extension of the discovery deadline that was granted on September 4, 2012, after the initial deadline had already passed. ECF No. 98. Plaintiff also repeats his complaint that defendants refused to provide a copy of his deposition transcript free of charge. Because plaintiff is not entitled to a free copy of the transcript, this does not support the motion to compel. Plaintiff was provided an opportunity to review the transcript and make any corrections.

Plaintiff insists that his motion to compel is timely because he submitted his discovery requests prior to the discovery deadline of October 21, 2012. As previously noted, plaintiff submitted his discovery requests to the court, rather than serving them on defendants as the rules require, on or about October 19, 2012[4] and again with the motion regarding supplies that was

---

[3] Plaintiff's signature and proof of service are dated February 4, 2012. See Houston v. Lack, 487 U.S. 266 (1988) (pro per prisoner pleadings deemed filed on the date delivered to prison officials for mailing).

[4] This submission was returned to plaintiff by the Clerk's Office.

4

filed on December 3, 2012.[5]  Plaintiff argues that because defendant received copies of his second submission via the court's electronic filing system after it was docketed, service was achieved and defendants were therefore obligated to provide discovery responses.  This argument fails because plaintiff has been repeatedly advised that submission of discovery requests to the court is improper.  The procedures for serving discovery were explained to plaintiff in simple language in the initial scheduling order, ECF No. 78 at 5, and the order extending the discovery deadline emphasized that it was plaintiff's responsibility to serve discovery and that the court would not conduct discovery for him, ECF No. 98 at 3.  In response to plaintiff's first improper submission of discovery requests to the court, the Clerk's Office sent plaintiff an explanation why the documents were being returned to him.  ECF No. 102 at 8-10.  The enclosed FAQ sheet regarding discovery stated plainly, "Discovery is conducted between the parties without the court's involvement. . . .  Discovery documents . . . should not be filed with the court."  Id. at 10.

Plaintiff relies on correspondence he received from counsel for defendants, which acknowledged his submission of discovery requests to the court.  Plaintiff argues that this letter proves that defendants were served.  The letter, however, states defendants' position that service was improper and that they would not respond.  ECF No. 108 at 35.  This letter was dated December 4, 2012.  Defendants also objected to discovery on untimeliness grounds.  Id.  As previously noted, plaintiff's motion to compel was filed on February 25, 2013, and was delivered to prison authorities for mailing no earlier than February 4, 2013.  ECF No. 108 at 8.  Even deeming the motion filed on the earlier of those two dates, it was filed two months after defendants communicated their intention not to provide discovery and well over three months after the close of discovery.

The court will not compel responses to discovery requests that were never properly served on defendants and were not timely propounded.  Plaintiff was told in the Order filed September 4, 2012, which extended the discovery deadline to October 21, 2012, that this was his final opportunity to complete discovery.  ECF No. 98 at 3-4 (although the previous deadline had

---

[5] The signature and proof of service on this motion are dated November 20, 2012.  ECF No. 102 at 2, 7.  See Houston, 487 U.S. 266.

expired and plaintiff had failed to propound any discovery in advance of the deadline, "the court will generously afford plaintiff a last opportunity to serve his discovery requests upon defendants . . .")  Plaintiff did not even attempt to make his discovery requests until that final deadline was imminent.  Even if the court to were to excuse plaintiff's improper attempt to serve discovery requests by filing them with the court, the fact remains that the requests were first submitted just a few days before the deadline and not sufficiently in advance to permit completion of discovery by the deadline.  Plaintiff also failed to seek an extension of the deadline prior to its expiration, and did not seek relief from the deadline within a reasonable time thereafter.  The arguably frivolous motions for production of trial witnesses and for writing supplies, ECF Nos. 99 &100, were filed on October 25, 2012, which demonstrates that plaintiff's access to the court was not impeded at the time the October 21 discovery deadline passed.  The motion to compel was not filed until the following February.[6]

While the court is mindful to "liberally construe the inartful pleading of pro se litigants," Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992) (quotations omitted), and "to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements," Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988), "pro se litigants must follow the same rules of procedure that govern other litigants," King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987); accord Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied 116 S. Ct. 119 (1995).  There is not a double set of rules – one set for represented parties, and one set for pro se litigants.  Moreover, "all litigants, including pro ses, have an obligation to comply with court orders."  McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.1988).

This court has been careful to advise plaintiff of the applicable rules so that he would not lose the opportunity to be heard due to ignorance of technical procedural requirements.  However, the court will not repeatedly waive the rules on behalf of one party.  This court granted relief once

---

[6] Even if the court construes the second motion for supplies (ECF No. 102) as a motion to compel, on grounds it included the discovery requests, that motion would have been too little, too late.

6

when plaintiff failed to timely seek discovery or an extension of the applicable deadline.  It will not do so again.

    Accordingly, IT IS ORDERED that:

  1. Plaintiff's motion for a court order to produce inmate witnesses for trial (ECF No. 99) is denied without prejudice as premature;

  2. Plaintiff's motion for a court order regarding supplies (ECF No. 100) is denied;

  3. Plaintiff's motion for a court order regarding supplies and telephone calls (ECF No. 102) is denied;

  4. Plaintiff's February 25, 2013motion to compel discovery is denied;

  5. Pursuant to previous order of the court, ECF No. 110, dispositive motions shall be filed within 14 days.

DATED: July 26, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
solo2103.mts