UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE SOLOMON, | No. 2:10-cv-2103 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| J. NEGRETE, et al., | |
| Defendants. | |

      On July 30, 2013, defendant Tate filed a motion for summary judgment (ECF No. 114) pursuant to Federal Rule of Civil Procedure 56. Plaintiff has not opposed the motion.

      Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." By Order (ECF No. 53) filed on October 18, 2011, plaintiff was advised of the requirements[1] for filing an opposition to the motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. In addition, defendant Tate provided the contemporaneous Rand notice (ECF No. 115) required by Woods,[2] setting forth the requirements to oppose a motion for summary judgment.

---

[1] Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).
[2] Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).

1

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." In the order filed October 18, 2011, plaintiff was advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed. The Ninth Circuit has recently held that a district court is prohibited from granting a summary judgment motion solely based on a failure to oppose the motion notwithstanding any local rule suggesting otherwise. Heinemann v. Satterberg, No. 12-25404, 2013 WL 5312568, at * 2-*3 (9th Cir. Sept. 24, 2013). Nevertheless, a "failure to respond to a fact asserted in the motion permits a court to 'consider the fact undisputed for purposes of the motion.'" Id. at *3 (quoting Fed. R. Civ. P. 56(e)(2)).

Good cause appearing, IT IS HEREBY ORDERED that, within thirty days of the date of this order, plaintiff shall file an opposition, if any, to defendant Tate's motion for summary judgment. Failure to file an opposition, properly addressing defendant Tate's assertions of fact, will result in the facts asserted by the motion to be considered by the court as undisputed for purposes of adjudicating the motion.

DATED: October 7, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
solo2103.46.osc

2