1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    VINCENTE SOLOMON,                           No.  2:10-cv-2103 WBS AC P

12                   Plaintiff,

13          v.                                    ORDER

14    J. NEGRETE, et al.,

15                   Defendants.

16

17          On July 30, 2013, defendant Tate filed a motion for summary judgment (ECF No. 114)

18    pursuant to Federal Rule of Civil Procedure 56.  Plaintiff has not opposed the motion.

19          Local Rule 230(l) provides in part:  "Failure of the responding party to file written

20    opposition or to file a statement of no opposition may be deemed a waiver of any opposition to

21    the granting of the motion . . . ."  By Order (ECF No. 53) filed on October 18, 2011, plaintiff was

22    advised of the requirements[1] for filing an opposition to the motion and that failure to oppose such

23    a motion may be deemed a waiver of opposition to the motion.  In addition, defendant Tate

24    provided the contemporaneous Rand notice (ECF No. 115) required by Woods,[2] setting forth the

25    requirements to oppose a motion for summary judgment.

26

27    [1] Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),
      cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

28    [2] Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).

                                                 1

1    Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for

2  imposition of any and all sanctions authorized by statute or Rule or within the inherent power of

3  the Court."  In the order filed October 18, 2011, plaintiff was advised that failure to comply with

4  the Local Rules may result in a recommendation that the action be dismissed.  The Ninth Circuit

5  has recently held that a district court is prohibited from granting a summary judgment motion

6  solely based on a failure to oppose the motion notwithstanding any local rule suggesting

7  otherwise.  Heinemann v. Satterberg, No. 12-25404, 2013 WL 5312568, at * 2-*3 (9th Cir. Sept.

8  24, 2013).  Nevertheless, a "failure to respond to a fact asserted in the motion permits a court to

9  'consider the fact undisputed for purposes of the motion.'"  Id. at *3 (quoting Fed. R. Civ. P.

10  56(e)(2)).

11    Good cause appearing, IT IS HEREBY ORDERED that, within thirty days of the date of

12  this order, plaintiff shall file an opposition, if any, to defendant Tate's motion for summary

13  judgment.  Failure to file an opposition, properly addressing defendant Tate's assertions of fact,

14  will result in the facts asserted by the motion to be considered by the court as undisputed for

15  purposes of adjudicating the motion.

16  DATED: October 7, 2013

17  

18  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

19  

20  

21  AC:009
    solo2103.46.osc

22  

23  

24  

25  

26  

27  

28