UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE SOLOMON, | No. 2:10-cv-2103 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| J. NEGRETE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 11, 2014, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff has filed documents that he characterizes as objections but which do not state substantive objections to the pending findings and recommendations. Rather, plaintiff seeks a further extension of time to file an opposition to the motion for summary judgment that is the subject of the findings and recommendations. That motion was deemed unopposed over six months after it was filed, because plaintiff failed to file an opposition despite extensions of time.

Plaintiff's recent filings also accuse staff at two different prisons of having interfered with his effort to litigate his various cases. He asks the court to conduct an investigation of prison staff

for failing to mail all his discovery requests nearly two years ago, and asserts that individuals he cannot identify have repeatedly lost and destroyed his supporting exhibits. He complains that he has been denied access to the prison law library. On the other hand, plaintiff maintains that he has had an opposition to defendant's summary judgment motion, exceeding 100 pages, ready to submit but that the prison librarian has refused to copy the document.[1] He also insists this matter should be stayed in order for the parties to engage in a settlement conference. See ECF Nos. 129-130, 132. Plaintiff includes exhibits that document the temporary curtailment of his physical access to the prison law library in October of 2013, evidently due to plaintiff's own misconduct.[2] See Reply, ECF No. 131, citing ECF No. 129 at 13.

The magistrate judge has previously noted plaintiff's pattern of engaging in "primarily histrionic and ill-supported" seriatim filings, and has cautioned plaintiff in this regard. See ECF No. 98. Plaintiff does not explain why, even if unable to obtain the copies he sought, he could not have filed the original documents comprising his opposition. Plaintiff's wide-ranging, ill-founded requests for the court to engage in an investigation of prison staff; for a further extension of time to file an opposition when plaintiff has been more than amply accorded an opportunity to do so; to order the prison to copy his voluminous opposition, evidently at its own cost; and/or to stay this matter pending a settlement conference are denied. "Federal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which we are ill-equipped." Bruce v. Ylst, 351 F.3d 1283, 1290 (9th Cir. 2003).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

---

[1] Among plaintiff's exhibits is a "Legal Document Copy Request Form" which, inter alia, indicates that for a document of more than 50 pages an inmate must submit an "Excess Copy Justification Form." ECF No. 29 at 8.

[2] During the period of restricted physical access, it appears that plaintiff was nevertheless permitted access by way of paging and could receive supplies and copies. ECF No. 129 at 56.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "motion" at ECF No. 132 is denied.

2. The findings and recommendations (ECF No. 128) filed February 11, 2014, are adopted in full; and

3. Defendant Tate's motion for summary judgment (ECF No. 114) is granted.

Dated: March 14, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/solo2103.805

3